# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. STONE, | Case No. 1:14-cv-01640-JAM-SKO |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| | (Doc. 15) |
| DEBRA A. JOHNSON, Ph.D, | **ORDER SETTING BRIEFING SCHEDULE FOR DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Christopher M. Stone ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 20, 2014. (Doc. 1.) On December 11, 2014, Plaintiff filed a motion requesting the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). (Docs. 15.) In the alternative, Plaintiff has requested an extension of time to file objections to the motion currently before the Court. (Docs. 15, 5.)

## II. DISCUSSION

Plaintiff contends that counsel must be appointed because he is unable to afford an attorney, he needs more time and at least minimal supervision by an attorney to adhere to the Court's procedural rules, he has a medical condition and scheduled surgery that impact his ability

1  to "handle the legal stress and rigorous demands of fulfilling all legal requirements presently[,]"
2  and Defendant's actions "constitute actual malice." (Doc. 15, 2-3.)  Plaintiff argues that a "'Civil
3  Gideon' is necessary in this case due to the major life altering [e]ffects of [D]efendant's actions
4  that will perpetuate indefinitely if they are not forced to answer to [P]laintiff's claims."
5  (Doc. 15, 4.)

6       Plaintiff, however, does not have a constitutional right to the appointment of counsel in
7  this action.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d
8  1349, 1353 (9th Cir. 1981); *see also Turner v. Rogers*, 131 S.Ct. 2516-17 (2011) (constitutional
9  right to appointment of counsel, sometimes referred to as a "Civil Gideon," is limited to criminal
10 cases and criminal contempt proceedings).  The Court may request the voluntary assistance of
11 counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances
12 exist.  *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In
13 making this determination, the Court must evaluate the likelihood of success on the merits and the
14 ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues
15 involved.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at
16 1331.  Neither consideration is dispositive and they must be viewed together.  *Palmer*, 560 F.3d at
17 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

18      In the present case, the Court does not find the required exceptional circumstances.  Even
19 assuming Plaintiff is not well versed in the law and that he has made serious allegations which, if
20 proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar
21 cases almost daily.  Further, at this stage in the proceedings, the Court cannot make a
22 determination that Plaintiff is likely to succeed on the merits, and based on a review of the record
23 in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  *Palmer*,
24 560 F.3d at 970.

25      While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status, the
26 test is not whether Plaintiff would *benefit* from the appointment of counsel.  *See Wilborn*, 789 F.2d
27 at 1331 ("Most actions require development of further facts during litigation and a pro se litigant
28 will seldom be in a position to investigate easily the facts necessary to support the case.")  The test

is whether exceptional circumstances exist and here, they do not; the record in this case demonstrates that Plaintiff is more than capable of articulating his claims.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel is DENIED; and

2. If Plaintiff opposes Defendant's motion to dismiss the complaint, Plaintiff shall file an opposition by no later than January 28, 2015.  Any reply to an opposition to the motion to dismiss shall be filed by no later than February 11, 2015.

IT IS SO ORDERED.

Dated:   **December 18, 2014**                    **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE