1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11 CHRISTOPHER M. STONE,                     Case No.  1:14-cv-01640-JAM-SKO

12                     Plaintiff,            **FINDINGS AND RECOMMENDATIONS**
                                            **GRANTING DEFENDANT'S MOTION**
13         v.                                **TO DISMISS PLAINTIFF'S COMPLAINT**
                                            **WITH PREJUDICE**
14 DEBRA  A.  JOHNSON,
                                            **OBJECTIONS DUE:  28 DAYS**
15                     Defendant.
                                            (Doc. No. 4)
16 _____/

17
18
19
20
21                        **I.    INTRODUCTION**

22         On October 20, 2014, Plaintiff Christopher M. Stone ("Plaintiff") filed a complaint against

23 Debra A. Johnson ("Defendant"), alleging Defendant slandered Plaintiff and violated Plaintiff's

24 constitutional rights in the course of her role as a therapist in state family court proceedings.  (Doc.

25 1.)  Defendant filed a Motion to Dismiss the Complaint on November 6, 2014.  (Doc. 4, 1-2.)

26 Plaintiff requested an extension to file his Opposition, which was granted.  (Doc. 17.)  Plaintiff

27 was ordered to file his Opposition to the Motion by no later than January 28, 2015.  (Doc. 17, 3.)

28 As of this date, no Opposition has been filed and the Motion is unopposed.

1   The motion was submitted upon the record without oral argument pursuant to Local Rule

2   230(g).  For the reasons set forth below, the Court RECOMMENDS that Plaintiff's complaint be

3   DISMISSED with prejudice and without leave to amend.[1]

4                              **II.   BACKGROUND**

5        Defendant provided therapy to Plaintiff's minor daughter without his written permission or

6   a court order between October 2012 and May 2013, and served as a witness in family court

7   proceedings in Stanislaus County Superior Court.   (Docs. 1, 1-3; 4-1.)   Plaintiff alleges that

8   Defendant intentionally and maliciously perjured herself in the state court "to deny plaintiff's

9   constitutionally protected liberty interest in parenting," and her "slanderous" statements

10  "materially affected the outcome of the trial [.]"   (Doc. 1, 2.)   As a result of Defendant's

11  testimony, Plaintiff claims he was denied his "right to a full and fair trial" and his "right to due

12  process" was "materially affect[ed]."  (Doc. 1, 2.)  Plaintiff also alleges that after he complained to

13  the "Board of Psychology," Defendant retaliated against him by recommending supervised

14  visitation with his daughter, and defamed Plaintiff's reputation by making false statements to the

15  Board of Psychology.  (Doc. 1, 2-3.)

16       Plaintiff alleges that Defendant's retaliatory conduct "den[ied] plaintiff's liberty interest in

17  parenting . . . , as well as den[ied] plaintiff's right to due process guaranteed under the 14th

18  Amendment of the United States Constitution, and violat[ed] 42 US 1983." (Doc. 1, 3.)  Plaintiff

19  demands a jury trial and seeks $1,000,000 in damages for "personal injury caused by and from

20  violation of plaintiff's civil rights, as well as compensatory damages, punitive damages, and any

21  and all relief that is proper and just and would be supported by any law of the United States as a

22  result of damage caused by defendant in violation of plaintiff's 14th Amendment Right to Due

23  Process." (Doc. 1, 4.)

24       This is the *third* civil action Plaintiff has filed against Defendant, arising from Defendant's

25  allegedly improper conduct in the family court custody dispute.   (*See* Doc. 4-2, Exh. 3

26

27

28  [1]   Pursuant to Local Rule 302(c)(1), District Judge Mendez referred the Motion to Dismiss to Magistrate Judge
    Oberto, for Findings and Recommendations.

(*Christopher Stone v. Shaw Omara*, Stanislaus Superior Court Case No. FL402688); *see also* Doc. 4-2, Exh. 3.A, ps. 48, 65-66 ("August 23, 2013, Tentative Decision").)

In *Christopher M. Stone v. Debra A. Johnson*, Stanislaus Superior Court Case No. 2003153 ("*Stone I*"), filed on September 12, 2013, Plaintiff alleged that due to Defendant's retaliatory conduct, statements, and recommendations to the family court, he was ordered to participate in supervised visitation of his minor daughter and his parental rights were violated. (Doc. 4-2, Exhs. 1; 2.)  In response, Defendant filed a Special Motion to Strike the Complaint ("anti-SLAPP" motion) pursuant to California Code of Civil Procedure, § 425.16, which the state court granted.  (Doc. 4-2, Exhs. 3; 4; 9; *see also* Doc. 4-2, Exhs. 5 (Plaintiff's appeal of the anti-SLAPP ruling in Defendant's favor); 9 (denying Plaintiff's motion for reconsideration).)  Plaintiff appealed the final ruling on October 22, 2014.  (Doc. 4-2, Exh. 5.)

In the second state court action, *Christopher M. Stone v. Debra A. Johnson, Ph.D. and Depra A. Johnson A Psychology Corporation, LLC*, Stanislaus Superior Court Case No. 2011483 ("*Stone II*"), filed on September 25, 2014, Plaintiff alleged that Defendant failed to disclose crucial medical information about his minor daughter to Plaintiff.  (Doc. 4-2, Exh. 6.)  Defendant filed a demurrer and a motion to strike the complaint, noting among other arguments that the very information Plaintiff alleges was withheld was in fact included as an exhibit in the September 2013 action.  (Doc. 4-2, Exhs. 7; 8.)  The case is ongoing.

## II.   MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.  R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more

than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Ashcroft*, 556 U.S. at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).  A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court *may* look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

Pro se pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Balistreri*, 901 F.2d at 699.  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is entitled to notice and an opportunity to amend before dismissal.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint are capable of being cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

1

### III.   REQUEST FOR JUDICIAL NOTICE

2      A court may take judicial notice of an adjudicative fact, which "must be one not subject to

3  reasonable dispute in that it is either (1) generally known . . . (2) or capable of accurate and ready

4  determination by resort to sources whose accuracy cannot reasonably be questioned."   Fed. R.

5  Evid. 201.   The Court may "take judicial notice of proceedings in other courts, both within and

6  without the federal system, if those proceedings have a direct relation to matters at issue," *Bias v.*

7  *Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citation omitted),

8  although "taking judicial notice of findings of fact from another case exceeds the limits of Rule

9  201," *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) (overruled in part on other grounds,

10 *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014)).

11     "A district court ruling on a motion to dismiss may consider a document the authenticity of

12 which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v.*

13 *FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as*

14 *recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).   Such

15 reliance is permissible when "plaintiff's claim depends on the contents of a document" that is not

16 attached to the complaint.  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Swartz*

17 *v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (court may consider document if authenticity not

18 questioned in order to prevent plaintiff from prevailing on Rule 12(b)(6) motion by omitting

19 documents underlying a claim).

20     Defendant has requested judicial notice of documents filed in the course of two cases filed

21 by Plaintiff against Defendant in Stanislaus County Superior Court.   (Doc. 4-2, Exhs. 1-9.)

22 Plaintiff has not opposed this request, and the authenticity of these documents is not in question.

23 As their authenticity is undisputed, and the ongoing state court proceedings are essential to

24 Plaintiff's claims, the Court may consider these documents.  *Moynihan*, 508 F.3d at 1225.  The

25 Court takes judicial notice as requested.

26 //

27 //

28 //

# IV.   DISCUSSION

**1.       Plaintiff's Claims are Not Time-Barred by the Statute of Limitations**

This action was filed on October 20, 2014 (Doc. 1), and Defendant argues Plaintiff's civil rights claims are time-barred by the statute of limitations (Doc. 4-1, 9).   Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action."   *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).   Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions.   *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado*, 370 F.3d at 954; *Fink*, 192 F.3d at 914.   California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003.   Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954-55.

Plaintiff alleges that Defendant's ongoing retaliatory conduct violated his "parental rights" and his "liberty interest" while she provided therapy to his daughter.   (Doc. 1, 1-3.)   Defendant contends that the alleged retaliatory conduct began in October of 2012, when Defendant began treating Plaintiff's daughter, and that this action was therefore commenced more than two years after Plaintiff's causes of action accrued.   (Doc. 4-1, 9-10.)

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint,'"  and "'it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'"   *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal citations omitted), *cert. denied*, 131 S.Ct. 3055 (2011). Here, though Plaintiff alleges that Defendant violated his "parental right" "between" October 2012 and May 2013 (Doc. 1, 2), it is unclear from the face of the Complaint exactly when Plaintiff's causes of action first accrued.   Therefore, at this juncture, the Court should not dismiss Plaintiff's claims as untimely.

//

**2.      Plaintiff's Complaint for Violation of Civil Rights Fails to State a Claim Upon Which Relief May Be Granted, and Should Be Dismissed**

Plaintiff alleges that Defendant's retaliatory statements, conduct, and recommendations to the court during the state custody proceedings violated his "constitutional rights" and his "liberty interest" in parenting.  (Doc. 1.)  Defendant contends that Plaintiff's Complaint must be dismissed for failure to state a claim, because the Court lacks subject matter jurisdiction to hear Plaintiff's civil rights claims and Defendant is shielded from liability by quasi-judicial immunity.  (Doc. 4-1.)  For the following reasons, Plaintiff's complaint for violation of his civil rights should be dismissed for failure to state a claim upon which relief may be granted.

**A.      Legal Standard**

The Civil Rights Act, codified at 42 U.S.C. § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted).

> [Section 1983] creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution.  Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials.  To prove a case under section 1983, the plaintiff must first demonstrate that (1) the action occurred "under color of state law" and (2) the action resulted in the deprivation of a constitutional right or federal statutory right. [citations omitted].

*Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  A person acts under color of state law when the individual "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *West v. Atkins*, 487 U.S. 42, 49-50 (1988) (internal quotation marks and citations omitted).

"[G]enerally, a public employee acts under color of state law while engaged in his official capacity or while exercising his responsibilities pursuant to state law."  *Id.* at 50.  The causation requirement in the second prong focuses on the duties and responsibilities of each defendant whose acts or omissions are alleged to have caused a constitutional violation.  "A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is

legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Where, however, a defendant is immune to suit under the common law, there is no cognizable section 1983 claim.  *Davenport v. Winley*, 314 Fed. Appx. 982 (9th Cir. 2009).

> **B.      This Court Lacks Jurisdiction to Review the Underlying Judicial Determinations of the State Court, or to Declare the State Court's Orders Unenforceable in *Stone I*.**

Defendant argues that the Court has no jurisdiction to hear Plaintiff's claims.[2]  Though this is the first time Plaintiff has sued Defendant in federal court, this is Plaintiff's *third* attempt to hold Defendant liable for her role as a court-appointed counselor in the custody proceedings.  *See Stone I*, Stanislaus Superior Court Case No. 2003153 and *Stone II*, Stanislaus Superior Court Case No. 2011483.[3]  Although Plaintiff does not directly state that he is appealing the decisions of the state court in *Stone I*, the wrongs Plaintiff alleges were committed against him are really injuries arising from the final decrees and judgments of the state court dismissing his claims and motion to reconsider in *Stone I*.  A brief comparison of the allegations of the instant Complaint and the allegations at issue in *Stone I* reveals that, in essence, Plaintiff is seeking review of the final decision in *Stone I* to Strike the Complaint in an effort to unwind the family court custody determination itself.

Liberally construed, Plaintiff's instant complaint alleges that he was detrimentally affected by Defendant's conduct and statements, including: (1) Defendant's refusal to stop treating his daughter, recommendation that Plaintiff be limited to supervised visitations, and statements that Plaintiff had not attended individual therapy sessions during the custody proceedings;

---

[2]    Defendant argues that Plaintiff is seeking to overturn the judgments and decrees of his state family court proceedings, and relies on *Akenbrandt* to argue that Plaintiff's Complaint should be dismissed for lack of jurisdiction. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (federal courts have no "power to issue divorce, alimony, and child custody decrees.").  Indeed, by seeking a judgment that Defendant acted improperly in the family court dispute, Plaintiff is indirectly challenging the custody proceedings; were the Court to grant Plaintiff the relief he requests, it could conflict with the custody ruling directly.  As currently pled, Plaintiff is seeking to collaterally attack in federal court the same conduct, statements, and recommendations made to Stanislaus County Superior Court and the Board of Psychology during and after the custody dispute that Plaintiff is already attacking in state court in *Stone I*.  (Doc. 1, 1-4.)

[3]    Plaintiff also filed a complaint against Stanislaus Superior Court, No. 1:14-cv-01639-TLN-SAB, and against court-appointed mediator Betty Ann Freitas, No. 1:14-cv-01267---SKO, alleging violations of his liberty interest in parenting and civil rights arising out of the same state custody proceeding.

(2) Defendant's "malicious and retaliatory slanderous and verifiably false statements" about Plaintiff's "history of making false accusations" in both the state superior court and before the Board of Psychology; (3) Defendant's disregard of documentary evidence and reports made by the police department and child protective services in regard to an investigation of alleged child abuse; and (4) Defendant's "lie[s] in her declaration to support a special motion to strike the complaint" in *Stone I*.  (Doc. 1, 1-4.)  Plaintiff's complaint seeks to "hold [D]efendant accountable for her actions in violating [P]laintiff's liberty interest in parenting by denying [P]laintiff the Right to Due Process guaranteed under the 14[t]h Amendment[.]"  (Doc. 1, 4.)

In *Stone I*, Plaintiff alleged that Defendant made statements about him to the family court and Board of Psychology constituting libel, defamation, and slander, and committed professional malpractice by, among other things, continuing to provide therapy to Plaintiff's daughter after he objected and failing to report allegations that Plaintiff's daughter was being abused.  (Doc. 4-2, Exh. 3.C.)  Plaintiff also more generally alleged that by her conduct and statements, Defendant "retaliated" against him and subverted his "parental rights."  (Doc. 4-2, Exh. 3.C.)  These claims were effectively litigated and resolved by the state superior court order granting Defendant's Motion to Strike the Complaint on July 17, 2014.  (Doc. 4-2, Exh. 4.)  Plaintiff filed a Notice of Appeal on October 22, 2014, two days after filing the instant action in federal court, (Doc. 4-2, Exh. 5), and his motion for reconsideration was denied by the state court on October 23, 2014 (Doc. 4-2, Exh. 9).  From the face of the pleading, the instant complaint is not only a reiteration of the allegations made in the complaint in *Stone I*, it is a *de facto* appeal from the state court's dismissal of his complaint and denial of his motion for reconsideration.

It is well-settled that federal district courts lack "subject matter jurisdiction to hear a direct appeal from the final judgment of a state court.  The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal."  *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).  This Court is one of limited jurisdiction; the district courts of the United States are *not* courts of appeals for state-court decisions and *may not* directly review the decrees and judgments of a state court.  *MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir.

1987) ("Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts."); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (district court lacks subject matter jurisdiction where federal plaintiff "essentially asked the federal court to review the 'state court's denial in a judicial proceeding'" of his constitutional claim); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2000) ("…district courts lack power to hear direct appeals from state court decisions[ ] [and] they must decline jurisdiction whenever they are in essence being called upon to review the state court decision.").

Federal district courts are absolutely barred from hearing a case where a plaintiff dissatisfied by the ruling of a state court – whether erroneous or not – brings suit in federal district court "and seeks to vacate or set aside the judgment of that court[.]"  *Noel*, 341 F.3d at 1156, 1164; *see also Arroyo ex rel. Arroyo-Garcia v. County of Fresno*, No. C 07-1443-AWI, 2008 WL 540653, at *5 (E.D. Cal. Feb. 25, 2008) ("At the core of the forbidden de facto appeal is an allegation of an erroneous *ruling by the state court* that leads to the withholding of a benefit from, or imposes a detriment on the federal plaintiff, or in some other way causes harm to the federal plaintiff.") (emphasis added).

To the extent Plaintiff is alleging a violation of his constitutional rights by Defendant, rather than directly challenging the ruling in *Stone I*, the Court must "look[ ] to the essence of the action, not to how the Plaintiff chooses to frame the action."  *Arroyo,* 2008 WL 540653 at *6 (citing *Feldman*, 460 U.S. at 483 (federal constitutional claims are "inextricably intertwined" with a state court's judicial proceedings where district court is, in essence, being asked to review the state court's decision)).  "[A] losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court[.]."  *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).  Although Plaintiff does not directly state that he is appealing the decisions of the state court in *Stone I*, the wrongs Plaintiff alleges were committed against him are essentially injuries arising from the final decrees and judgments of the state court dismissing his claims and motion to reconsider in *Stone I*.  In both actions, Plaintiff alleges that Defendant's conduct, statements, and recommendations to the state court in the underlying

custody proceedings violated his parental rights and denied him due process.  In both actions, Plaintiff alleges that Defendant provided therapy to his daughter without his authorization, made "slanderous" statements about him to the state court and the Board of Psychology, and failed to report alleged abuse despite being a mandatory reporter.  Plaintiff further specifically referenced Defendant's declaration submitted with her Motions to Strike the Complaint in *Stone I*, alleging that she "perjured herself . . . thereby denying [P]laintiff's right to due process . . . and violating 42 USC 1983." (Doc. 1, 3.)

Here, Plaintiff's complaint essentially seeks "to vacate the state courts' judgments and decrees and substitute in their place this court's judgments and decrees," *Arroyo*, 2008 WL 540653 at *6, leading to the inescapable conclusion that this action is *not* a civil rights action but is really a *de facto* appeal from the final decrees of the state court in *Stone I*.  The Court does not have jurisdiction over general constitutional challenges inextricably intertwined with the claims asserted in the state court proceedings.  *See Noel*, 341 F.3d at 1156.

Though disappointed by the proceedings dismissing his action in Stanislaus County Superior Court in *Stone I*, Plaintiff is barred from seeking relief from those proceedings in this Court.  This Court lacks jurisdiction to review the state court action, and there is no separate federal claim providing a basis for subject matter jurisdiction.  This Court should dismiss Plaintiff's claims for damages and injunctive relief, with prejudice.

**C.     The Complaint Fails to Allege Special Circumstances Compelling the Court to Interfere with Ongoing State Proceedings in Either *Stone I* or *Stone II*.**

As discussed above, Plaintiff has filed an appeal in *Stone I*, which is currently pending before the California Court of Appeals.  (*See* Doc. 4-2, Exh. 5.)  In *Stone II*, filed on September 25, 2014, while Plaintiff predicated his complaint on Defendant's alleged refusal to allow him access to his daughter's medical records, he also argued that

> After plaintiff filed a complaint with the department of psychology when defendant failed to report the sexual abuse allegation made by plaintiff's daughter against her step-father made on several occasions pursuant to penal code 11166, defendant refused to include plaintiff in therapy and subsequently refused to allow plaintiff to seek information regarding defendant's treatment of plaintiff's daughter[.]

1
2
3
4

> After plaintiff threatened to sue defendant for seeing [his] daughter without a court order and without [his] consent and after plaintiff learned that defendant lied to plaintiff about such meetings in violation of plaintiff's parental rights, and upon learning of plaintiff's complaint to the department of psychology[,] defendant recommended to the mediation department that plaintiff should only have supervised visitation with the child.

5
6
7
8

(Doc. 4-2, Exh. 6.)  Defendant has demurred and filed a Special Motion to Strike the Complaint in *Stone II*.  (Doc. 4-2, Exhs. 7; 8.)  The resolution of Plaintiff's ongoing appeal in *Stone I* and the demurrer and motion to strike in *Stone II* are not known at the time these findings and recommendations are being written.

9
10
11
12
13
14
15
16
17
18
19
20
21
22

As discussed above, the Court does not have jurisdiction to hear Plaintiff's *de facto* appeal from the Stanislaus County Superior Court proceedings in *Stone I*.  However, even if the Court had such jurisdiction, the Court should abstain from hearing Plaintiff's claims because to do so would directly interfere in the proceedings of both *Stone I* and *Stone II* in the state courts.  It is well-settled that a federal court should not interfere with ongoing state judicial proceedings absent special circumstances.  *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).  "Abstention" is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  M*iddlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994).  Abstention applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted.  *Dubinka*, 23 F.3d at 223.  The abstention doctrine is fully applicable to state court civil proceedings.  *Moore v. Sims*, 442 U.S. 415, 423 (1979).

23
24
25
26
27
28

In this case, even assuming the Court has jurisdiction to hear these claims, abstention is required.  Plaintiff is involved in two separate, ongoing civil cases filed against Defendant in Stanislaus County Superior Court, one of which is currently on appeal.  "[A] state has a vital interest in protecting 'the authority of the judicial system, so that its orders and judgments are not rendered nugatory.'"  *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (quoting *Juidice v. Vail*, 430 U.S. 327, 336 n.12 (1977)).  The state court has been adjudicating these

12

1    actions, has issued dispositive orders on Defendant's Special Motion to Strike the Complaint

2    under the anti-SLAPP statute and Plaintiff's motion for reconsideration in *Stone I*, is currently

3    deciding Plaintiff's appeal in *Stone I*, and is currently deciding Defendant's demurrer and motion

4    to strike the Complaint in *Stone II*.  If this Court were to grant the relief requested, effectively

5    overruling the state trial court's orders in *Stone I* or in any way dispositively ruling on the

6    allegations of *Stone II*, this Court would substantially interfere in the State's proceedings.

7         Further, Plaintiff has not shown that the state court proceeding is an ineffective forum for

8    him to adjudicate his federal rights.  Plaintiff has an adequate forum to appeal the decisions of the

9    *Stone I* court through the state appellate court, and to litigate the allegations of the *Stone II* case

10   through Stanislaus County Superior Court.  Even if the Court had jurisdiction, application of the

11   abstention doctrine would require this court to dismiss all of Plaintiff's claims, with prejudice.

12                    **D.       Defendant Is Shielded from Suit by Quasi-Judicial Immunity**

13        Plaintiff alleges Defendant violated 42 U.S.C. § 1983, by making statements and

14   recommendations which "materially affected the proceedings in Stanislaus County Superior

15   Court" and "den[ied] [P]laintiff's right to a full and fair trial and materially affecting [his] right to

16   due process."  (Doc. 1, 2-3.)  Plaintiff also alleges that Defendant failed to follow a mandatory

17   reporter law requiring her to contact police or child protective services investigators and

18   disregarded reports and documentary evidence from police and child protective services.  (Doc. 1,

19   4.)  Defendant contends that she is entitled to quasi-judicial immunity for all acts committed

20   within the purview of her appointment as a court counselor.  (Doc. 4-1, 10.)[4]

21        It is well established that "[j]udges are immune from damage actions for judicial acts taken

22   within the jurisdiction of their courts . . . Judicial immunity applies however erroneous the act may

23

---

24   [4]    Though Plaintiff repeatedly alleges that Defendant provided therapy to his daughter without his authorization and
     without a court order (Doc. 1, 2), the "Custody and Visitation Order" completed by the Stanislaus County Superior
25   Court specifically provided that

            The child is to continue counseling with Debra Johnson.  The focus of the counseling shall be
26          child issues.  The parties shall participate and cooperate fully in the counseling at the direction of
            the counselor.
27
     (Doc. 4-2, Exh. A, p. 48.)  The order explicitly authorizing Defendant to provide counseling to Plaintiff's daughter, as
28   well as indicating that Plaintiff's express written permission was not necessary to authorize Defendant's continued
     counseling services.

1   have been, and however injurious in its consequences it may have proved to the plaintiff."

2   *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986).   "Judicial immunity is not limited to

3   judges.  All those who perform judge-like functions are immune from civil damages liability."

4   *Ryan v. Bilby*, 764 F.2d 1325, 1328 n.4 (9th Cir. 1985); *cf Antoine v. Byers & Anderson, Inc., et*

5   *al.*, 508 U.S. 429, 437 (1993) (there is no absolute immunity for officers of the court when their

6   actions do not involve the exercise of their judgment or discretion, such as when court reporters

7   transcribe court proceedings) and *Kalina v. Fletcher*, 522 U.S. 118, 129-31 (1997) (though a

8   prosecutor's discretionary choice to prosecute is normally immune from liability, there is no

9   absolute immunity for a prosecutor acting as a witness by attesting to facts in an affidavit, because

10   acting as such a witness is not a function that requires the exercise of an advocate's judgment).

11       A court-appointed counselor is entitled to absolute immunity if she serves in a quasi-

12   judicial role, as Defendant did by working with the child custody evaluator to assess Plaintiff's

13   daughter's psychological state and by providing recommendations to the family court regarding

14   custody.  *See, e.g.*, Cal. Fam. Code § 3111(a) (California courts appoint a "child custody evaluator

15   to conduct a child custody evaluation and file a written confidential report on his or her evaluation

16   to the Court); *Howard v. Drapkin*, 222 Cal.App.3d 843, 860 (1990) (independent "neutral"

17   custody evaluators enjoy quasi-judicial immunity from suit under the alternative umbrellas of

18   California Civil Code, § 47(b) and the common law); *Bergeron v. Boyd*, 223 Cal.App.4th 877,

19   886-89 (2014) (neutral evaluators enjoy absolute quasi-judicial immunity in suit regarding interim

20   custody orders issued within evaluator's judicially-delegated role).   Neutral third-parties are

21   entitled to absolute quasi-judicial immunity for their performance of duties authorized by state

22   law.  *See, e.g.*, *Meyers v. Contra Costa Cnty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1159 (9th Cir.

23   1987).

24       As a court-appointed counselor, Defendant's absolute immunity is lost only if her actions

25   were "'clearly and completely outside the scope of [her] jurisdiction.'"  *Myers*, 812 F.2d at 1159

26   (quoting *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir.1985)).  Making statements, reports, or

27   recommendations to the family court, even if made in error, was well within the scope of

28   Defendant's jurisdiction as a court-appointed counselor.  *See Mireles v. Waco*, 502 U.S. 9, 12-13

1   (1991) (so long as the action was within the jurisdiction of the judicial officer, the fact that it "was

2   in error … or was excess of his authority" will not deprive him of immunity); *Todd v. Shoopman*,

3   No. 2:12-CV-01768-JAM-GGH, 2012 WL 3531563, at *2 (E.D. Cal. Aug. 15, 2012) (immunity

4   applies regardless of how erroneous the act may have been, or how injurious its consequence may

5   have been to the plaintiff, so long as the act was within the judicial officer's jurisdiction).  Further,

6   even if Defendant had acted in bad faith as Plaintiff alleges (Doc. 1, 3), "[a]llegations of malice or

7   bad faith in the execution of [a judicial] officer's duties are insufficient to sustain the complaint

8   when the officer possesses absolute judicial immunity[,]" *Demoran*, 781 F.2d at 158 (citing

9   *Dennis v. Sparks*, 449 U.S. 24, 31 (1980)).

10      Beyond that the Court has no jurisdiction, and that, even if it did have jurisdiction

11   abstention doctrine would preclude Plaintiff's action, Defendant is entitled to quasi-judicial

12   immunity for any statements or findings and recommendations made to the family court in the

13   course of her duties as a court-appointed counselor.

14   **3.      This Court Lacks Jurisdiction Over Plaintiff's Other State Claims**

15      Liberally construed, Plaintiff has also alleged California state tort claims for slander and

16   libel,[5] as well as a claim for violating California Penal Code Section 11166 requiring mandatory

17   reporting of suspected child abuse, against Defendant.  Pursuant to 28 U.S.C. § 1367(a), in any

18   civil action in which the district court has original jurisdiction, the district court "shall have

19   supplemental jurisdiction over all other claims in the action within such original jurisdiction that

20   they form part of the same case or controversy under Article III," except as provided in

21   subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of supplemental

22   jurisdiction over state law claims under 1367(c) is discretionary."  *Acri v. Varian Assoc., Inc.*, 114

23   F.3d 999, 1000 (9th Cir. 1997).

24   _____

25   [5]   Because the Court should decline to exercise jurisdiction over Plaintiff's state tort claims, the Court need not
consider whether Defendant's speech was protected under California Code of Civil Procedure section 425.16(e),
which protects "any written or oral statement or writing made before a . . . judicial proceeding or any other official

26   proceeding . . . [and] any written or oral statement or writing made in connection with an issue under consideration or
review by a . . . judicial body, or any other official proceeding[.]"  Protected speech during "official proceedings"

27   includes "communication to an official administrative agency . . . designed to prompt action by that agency" as well as
communication made after formal proceedings have commenced.  *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th
993, 1009 (2001).  The Court notes, however, that Stanislaus Superior Court granted Defendant's Special Motion to

28   Strike the Complaint pursuant to this statute in *Stone I* on July 1, 2014.  (Doc. 4-2, Exh. 4.)

"The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  Even were Plaintiff's state law claims not barred as "inextricably intertwined" with the unreviewable state court action in *Stone I*, and even were this Court not bound to abstain from interfering as these same claims are being litigated in the ongoing state court actions in *Stone I* and *Stone II*, Plaintiff cannot state a cognizable section 1983, and there is no claim over which the Court has original jurisdiction.  Therefore, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and they should be dismissed.

**4.      Amendment is Futile**

Plaintiff has filed suit for damages under section 1983, seeking a *de facto* appeal from ongoing state court proceedings against a Defendant who is immune from suit, and therefore his complaint must be dismissed.  *Davenport v. Winley*, 314 Fed. Appx. 982 (9th Cir. 2009).  Ordinarily a pro se plaintiff should be granted leave to amend, however, the many defects of this complaint cannot be cured by more detailed factual allegations or revision of Plaintiff's claims.  Accordingly, leave to amend would be futile and the action should be dismissed with prejudice.  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## V.   CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-eight (28) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to

1  28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified

2  time may waive the right to appeal the district judge's order.  *See, e.g., Martinez v. Ylst*, 951 F.2d

3  1153 (9th Cir. 1991).

4

5  IT IS SO ORDERED.

6     Dated:   **February 19, 2015**                    **/s/ Sheila K. Oberto**

7                                                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17